**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Conference of Police and Sheriffs, Inc., an Arizona corporation,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Michael W. Storie and Jane Doe Storie, husband and wife et al.,<br><br>　　　　　　　Defendants. | No. CV13-2631 PHX DGC<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to remand and a request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Doc. 7. The motions are fully briefed and no party has requested oral argument. For the following reasons, the Court will grant the motion to remand and the request for attorneys' fees and costs.

**I.   Background.**

Plaintiff Arizona Conference of Police and Sheriffs ("AZCOPS") is an Arizona corporation serving police officers throughout Arizona. Doc. 1-5 at 1. Defendants are former officers and board members of AZCOPS as well as the law firm of one of the named Defendants. Doc. 1-5. On October 15, 2012, Plaintiff filed suit in Maricopa County Superior Court against Defendants. Doc. 1-4. In its first amended complaint filed on December 11, 2013, Plaintiff asserted a variety of state claims against Defendants, including breach of fiduciary duty, aiding and abetting tortious conduct,

interference with contracts and valid business expectancies, and legal malpractice. Doc. 1-5.  On December 25, 2013, two of the Defendants, Joseph Cameron and Luis Ebratt, removed this action to federal court pursuant to 28 U.S.C. § 1441,[1] asserting that Plaintiff is bringing a claim under the Labor-Management Reporting and Disclosure Act ("LMDA").  Doc. 1 at 1-2; 29 U.S.C. § 501.  Plaintiff denies pleading any federal claim and seeks remand to state court pursuant to 28 U.S.C. § 1447(c).  Doc. 7.

## II.     Legal Standard.

Under 28 U.S.C. § 1441(a), a civil case brought in state court may be removed to the federal court in the district where the action is pending if the federal district court would have had original jurisdiction.  The statute is to be strictly construed against removal.  *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  This "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance."  *Id.*; *see* 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over cases involving a federal question, meaning cases "arising under the Constitution, laws, or treaties of the United States."  The federal issue "must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting *Grable & Sons Metal Prods.*, *Inc. v.*

---

[1] Defendants' notice of removal requests removal pursuant to 28 U.S.C. 144(b).  Because this is not the removal statute, the Court will presume Defendants meant to cite 28 U.S.C. § 1441.  Doc. 1 at 1.

- 2 -

*Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

### III. Analysis.

#### A. Motion to Remand.

Plaintiff's complaint asserts three claims against Defendants Cameron and Ebratt: breach of fiduciary duty, aiding and abetting tortious conduct, and interference with contracts and valid business expectancies. Doc. 1-5 at 8-11. Cameron and Ebratt do not dispute that Plaintiff's complaint alleges only state law causes of action. Docs. 1, 10. Rather, they argue that removal to federal court is appropriate because Plaintiff raised a claim under 29 U.S.C. § 501 in its response to Defendants' motion for summary judgment. Doc. 1.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). Plaintiff states that it is not bringing any claims under federal law (s*ee* Doc 1-5; Doc. 7 at 1), and Defendants fail to identify any place in Plaintiff's complaint where a claim relies on federal law. Docs. 1, 10. Defendants' assertion that Plaintiff raised a federal claim in its response to a motion does not satisfy the well-pleaded complaint rule. *Id.* Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

Cameron and Ebratt argue that removal was appropriate because they have an affirmative defense under federal law. Doc. 10 at 2-3. They argue that Plaintiff is precluded from filing suit because it failed to timely file a claim under the National Labor Relations Act ("NLRA"). Doc. 10 at 2-3. In support of this argument, Defendants cite *Mesa v. California*, 489 U.S. 121 (1989), which they contend supports the proposition that "an assertion of a federal defense in a removal petition is sufficient for Article III purposes to support jurisdiction." Doc. 10 at 2-3. The holding in *Mesa* is not as broad as Defendants assert. *Mesa* specifically applies to 28 U.S.C. § 1442(a), a jurisdictional

statute that authorizes the removal of cases against federal officers. *See Mesa*, 489 U.S. at 136. Section 1442(a) was not the basis for Defendants' removal and is not at issue in this case.

Cameron and Ebratt provide no authority to suggest that the NLRA overcomes the well-pleaded complaint rule. Therefore, they are subject to the general rule that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The Court will grant the motion to remand, and need not address other arguments raised by Plaintiff. Doc. 7 at 2-4.

**B.     Request for Fees and Costs.**

Plaintiff seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Doc. 7 at 3. That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The determination to award fees and costs under § 1447(c) is within the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). Costs and fees generally "'should not be awarded when the removing party has an objectively reasonable basis for removal.'" *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (quoting *Martin*, 546 U.S. at 136.)

Given the established understanding of the well-pleaded complaint rule and the clear inapplicability of *Mesa*, Cameron and Ebratt did not have an objectively reasonable basis for removal. The Court will grant Plaintiff's request for attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

- 4 -

**IT IS ORDERED** that the Plaintiff's motion to remand (Doc. 7) is **granted**. Plaintiff's request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) (Doc. 7) is **granted**. On or before **March 21, 2014**, Plaintiff shall file a motion for attorneys' fees pursuant to Local Rule 54.2, along with all supporting materials.

Dated this 18th day of February, 2014.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge