**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Conference of Police and Sheriffs Incorporated,<br><br>              Plaintiff,<br><br>v.<br><br>Michael W. Storie, et al.,<br><br>              Defendants. | No. CV-13-02631-PHX-DGC<br><br>**ORDER** |

Plaintiff Arizona Conference of Police and Sheriffs, Inc. ("AZCOPS") has filed a motion for attorneys' fees pursuant to 28 U.S.C. § 1447(C). Doc. 13. The motion is fully briefed. Defendants Joseph Cameron and Luis Ebratt have filed a motion to strike, which is also fully briefed. Doc. 15. For the reasons that follow, the Court will grant fees to Plaintiff in the amount of $1,770 and deny as moot Defendants' motion to strike.[1]

The Court's order dated February 19, 2014 granted Plaintiff's motion to remand and its request for attorneys' fees and costs. Doc. 12. As ordered, Plaintiff submitted a memorandum of points and authorities supporting its request for attorneys' fees and supporting documentation. Doc. 13. Plaintiff requests fees for 20.8 hours of work at $425 per hour for a total of $8,840. Doc. 13 at 1. Plaintiff's counsel notes, however, that he agreed to work for $150 per hour and that Plaintiff actually paid fees in the amount of

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

$3,120. The Court will not grant fees greater than the amount actually paid by Plaintiff. The purpose of a fee award is to reimburse Plaintiff for actual costs incurred. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any *actual* expenses, including attorney fees, incurred as a result of the removal.") (emphasis added).

Defendants raise several objections to the fee request. Defendants object to the amount of time spent drafting various documents, namely Plaintiff's supplemental motion to remand, Plaintiff's reply in support of remand, and Plaintiff's motion for fees. Doc. 15 at 5. Defendants argue that it is unreasonable for Plaintiff's counsel to bill 5.7 hours of time on a two-page reply in support of remand and seven hours on a four-page fee request when the underlying motion required less than five hours to draft. *Id.* at 5-6. The Court cannot conclude that the amount of time billed is reasonable when Plaintiff's counsel billed only 4.1 hours on a three page motion to remand. The Court will therefore deduct four hours billed for drafting the reply (Doc. 11) and five hours billed for drafting the fee memorandum (Doc. 13). The Court will award Plaintiff attorney's fees for 11.8 hours of work at $150 per hour, for a total award of $1,770.[2]

To the extent Defendants' response to Plaintiff's fee memorandum was also intended as a motion for reconsideration, the Court will not reconsider its decision. Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial

---

[2] Because the Court will not grant fees in an amount greater than those paid by Plaintiff, it need not consider the affidavits which are the subject of Defendants' motion to strike (Doc. 15). The Court will therefore deny the motion to strike as moot.

decision.  *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).  Defendants have not shown that any of these circumstances exist in this case.

**IT IS ORDERED:**

1. Plaintiff's motion for attorneys' fees (Doc. 13) is **granted**.
2. Plaintiff is awarded attorneys' fees in the amount of **$1,770** pursuant to 28 U.S.C. § 1447(C).
3. Defendants' motion to strike (Doc. 15) is **denied as moot**.

Dated this 23rd day of April, 2014.

_____
David G. Campbell
United States District Judge